IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

PRICE'S COLLISION CENTER, LLC,     )
In its own capacity and as Agent for     )    Case No.  3:12-cv-0873
Anne Crockett,     )
                Plaintiff,     )
           v.     )
    )
PROGRESSIVE HAWAII INSURANCE     )
CORPORATION,     )
    )
              Defendant.     )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants Progressive Hawaii Insurance Corporation (hereinafter "Progressive" or "Defendant") hereby submit the following Memorandum of Law in Support of their Motion to Dismiss the Second Amended Complaint.

## PRELIMINARY STATEMENT

Plaintiff's Complaint alleges a number of causes of action for which Plaintiff lacks standing to assert or that are explicitly prohibited under Tennessee statute. In support of its contentions, Plaintiff offers speculative and conclusory legal assertions that fail to meet the pleading requirements under *Twombly*, let alone the heightened pleading standard dictated by Federal Rule of Civil Procedure 9(b). Accordingly, Plaintiff has failed to state a plausible claim for relief and its Complaint should be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

This action was initiated by a Complaint filed on July 27, 2012. ECF No. 1-1. The action was brought by Price's Collision Center, LLC (hereinafter "Plaintiff"), in its own capacity and as agent for Anne Crockett, a Plaintiff's customer. *Id.* Progressive sought removal of the case to the United States District Court, Middle District of Tennessee on August 27, 2012. ECF No. 1.

In its Complaint, Plaintiff alleges breach of contract, violation of the Tennessee Consumer Protection Act ("T.C.P.A."), and tortious interference with business relationships. (*See, generally,* Complaint.) These allegations arise out of an automobile accident on June 14, 2011, in which Ms. Crockett's vehicle was damaged. (Compl. ¶ 7.) Ms. Crockett chose to have her vehicle repaired by Price's Collision. (*Id.* ¶ 11.) A Progressive employee evaluated the damages to Ms. Crockett's vehicle and determined it would cost $5,751.04 to repair the vehicle; an estimate outlining these costs was provided to Plaintiff. (*Id.* ¶ 12.) Upon inspection, Plaintiff's employee disagreed with Progressive's assessment of the damages and demanded

2

additional payment, which Progressive declined to provide. (*Id.* ¶¶ 13-15.) Plaintiff does not indicate whether it has completed these additional repairs. Nonetheless, Plaintiff contends that "[o]n July 15, 2011, Ms. Crockett assigned her rights against the Defendant in this matter to the Plaintiff." (*Id.* ¶ 18.) Plaintiff has not indicated the scope of this assignment, what rights were assigned, or any other details concerning the assignment.

Plaintiff initiated suit against Progressive in the Tennessee General Sessions Court on August 15, 2011, after which judgment was entered against the Plaintiff and in favor of Progressive. (*Id.* ¶¶ 19-20.) This judgment was appealed on November 14, 2011. (*Id.* ¶ 20.) Plaintiff then filed this Complaint, which contains much broader allegations, seeking damages far in excess of those asserted in the initial proceedings, and added Plaintiff Price's Collision as a party to this action. For the reasons set forth herein, as a matter of law, Plaintiff's Complaint should be dismissed in its entirety.

## ARGUMENT

In order to withstand a motion to dismiss under Rule 12(b)(6), Plaintiff has the burden to show that it pled facts that raise a right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 8(a)(2) further requires that the pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief." When determining whether a plaintiff has met this burden, the Court must "accept all the . . . factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[ ]." *ReMedPar, Inc. v. AllParts Med., LLC*, 683 F. Supp. 2d 605, 606 (M.D. Tenn. 2010) (internal citations omitted).

While "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In order to avoid dismissal, a plaintiff must allege "sufficient factual matter" to "state a claim to relief that is

3

plausible on its face." *Id.* at 678 (citation and internal quotation marks omitted). A "claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). This plausibility standard requires more than a showing of a "sheer possibility that a defendant has acted unlawfully," and merely pleading facts consistent with a defendant's liability "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations and quotations omitted). Moreover, a plaintiff may not seek discovery to add additional facts to its complaint; *Twombly* and *Iqbal* requires that a plaintiff have greater knowledge of factual details in order to present a plausible complaint. *Personal Computer Sys., Inc. v. Central Knox, Inc.*, No. 3:11-CV-374, 2012 WL 1108245, at *3 (E.D. Tenn. Mar. 30, 2012).[1]

As discussed in greater detail below, Plaintiff has failed to state a claim for relief that is plausible on its face, offering simply vague and conclusory statements lacking sufficient factual support. Accordingly, Progressive respectfully asks that the Court grant it's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.   PLAINTIFF'S CAUSE OF ACTION FOR BREACH OF CONTRACT SHOULD BE DISMISSED AS PLAINTIFF LACKS STANDING TO BRING THIS CLAIM.

In order to successfully allege a breach of contract cause of action, Plaintiff must prove: (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of the contract; and (3) damages caused by the breach of the contract. *Arc LifeMed Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1 (Tenn. App. 2005). To assert a breach of contract claim, Plaintiff generally must be party to the contract at issue. *See Ferguson v. Nationwide Prop. & Cas. Ins. Co.*, 218 S.W.3d 42, 56 (Tenn. Ct. App. 2006). This cause of action fails because: (1) Plaintiff has not established that Plaintiff is a party to, or an intended third-party beneficiary under, Ms.

---

[1] Attached hereto as Exhibit "A" are copies of all unreported cases referenced herein.

4

Crockett's insurance policy; and (2) Plaintiff has not adequately pled the existence of a valid assignment of rights.

Plaintiff does not claim to be party to a contract with Progressive. Under Tennessee law, a third-party cannot bring an action to enforce a contract unless it is an intended beneficiary, meaning the third-party has demonstrated that (1) there existed a valid contract made upon sufficient consideration between the principal parties and (2) there is a clear intent to have the contract operate for the benefit of a third party. *Ferguson*, 218 S.W.3d at 56 ("one claiming to be a third-party beneficiary to an insurance contract who has never been granted a judgment against the insured . . . is at most an 'incidental beneficiary' of the insurance contract and cannot maintain an action against the insurance company"). Plaintiff makes no attempt to establish that it is an intended beneficiary under the insurance policy between Progressive and Ms. Crockett, and thus lacks standing to bring this action to enforce it.

Plaintiff attempts to remedy this by claiming that Ms. Crockett "assigned her rights against the Defendant in this matter to the Plaintiff." (Compl. ¶ 18.) Such bare legal conclusions do not satisfy the federal pleading requirements recognized by this Court. *See Venezia v. 12th & Div. Properties, LLC*, 685 F. Supp. 2d 752, 755 (M.D. Tenn. Dec. 29, 2011) (citing *Papasan v. Allain*, 478 U.S. 265 (1986)) (courts are "not bound to accept as true a legal conclusion couched as a factual allegation . . . a complaint that consists merely of 'naked assertion[s]' lacking 'some further factual enhancement' can be dismissed at the pleading stage"). Plaintiff has not indicated the scope of this agreement, what rights were assigned, or any other details concerning the assignment. *See Manley v. Automobile Ins. Co. of Hartford*, 169 S.W.3d 207, 214 (Tenn. Ct. App. 2005) (assignment of insurance policy must be made after a loss has occurred). As such, it is has failed to establish that the assignment provides it with standing to bring this action.

5

Because Plaintiff cannot demonstrate as a matter of law that it is an intended beneficiary under Ms. Crockett's insurance policy or that it has received a valid assignment of Ms. Crockett's rights, its cause of action for breach of contract should be dismissed.

## II.    PLAINTIFF'S CLAIMS UNDER THE T.C.P.A. SHOULD BE DISMISSED.

Plaintiff alleges that Progressive has engaged in unfair and deceptive acts under the T.C.P.A., including "steering" business away from its shop, discrediting Plaintiff's shop, and refusing to pay for legitimate and necessary repairs performed by Plaintiff. (*See, generally,* Compl.) These claims are brought under the catch-all provision of the T.C.P.A., which generally prohibits deceptive acts. *See* Tenn. Code Ann. § 47-18-104(b)(27). Plaintiff's cause of action under the T.C.P.A. should be dismissed because: (1) Progressive's alleged improper practices are not actionable under the T.C.P.A.; (2) enforcement of T.C.A. § 47-18-104(b)(27) is vested exclusively in the office of the attorney general; (3) Plaintiff's claims are barred by the statute of limitations; and (4) Plaintiff does not adequately plead a cause of action under the Federal Rules of Civil Procedure.

### A.    Tennessee Law Does Not Provide for a Cause of Action Against an Insurer for Deceptive or Unfair Acts or Practices Under the T.C.P.A.

As a matter of law, Tennessee does not provide for a private cause of action against an insurer for unfair or deceptive acts in connection with a contract of insurance. Tenn. Code Ann. § 56-8-101(c). Plaintiff asserts a claim against Progressive under the T.C.P.A. for conduct that "is unfair and deceptive in a myriad of ways." (Compl. ¶ 31.) This, however, belies a plain reading of Tenn. Code Ann. § 56-8-113, which posits, "[n]otwithstanding any other law, title 50 and this title shall provide the sole and exclusive statutory remedies and sanctions applicable to an insurer, person, or entity licensed, permitted, or authorized to do business under this title for . . . alleged *unfair or deceptive acts or practices* in connection with, a contract of insurance . . . ."

6

(emphasis added).[2]  Moreover, "the commissioner shall have sole enforcement authority for this part, and nothing in this part shall be construed to create or imply a private cause of action for a violation of this part." Tenn. Code Ann. § 56-8-101(c).  As such, a private party does not have standing to assert a cause of action against an insurer for unfair or deceptive acts or practices.

Section 56-8-113 became effective on April 29, 2011, more than a year before the current action was initiated and five months before Plaintiff brought suit against Progressive in the General Sessions Court. *See* Tenn. Code Ann. § 56-8-113; (Compl. ¶¶ 19, 20.)  Prior to this change, Tennessee courts, in certain instances, allowed a cause of action to be brought against insurers under the T.C.P.A. because the "[l]egislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." *See Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924-25 (Tenn. 1998) ("We therefore conclude that the insurance regulations in Title 56, Chapters 7 and 8 of the Tennessee Code do not foreclose application of the Consumer Protection Act to insurance companies").  In response, the Tennessee legislature clarified that Title 56 provides the exclusive and sole remedy against an insurer for unfair or deceptive acts.  Plaintiff's T.C.P.A. cause of action further asserts claims for bad faith settlement practices, including a refusal to honestly settle a loss which are exclusively actionable under Tennessee's bad faith statute, Tenn. Code Ann. § 56-7-105.  *See Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 261 (6th Cir. 1994) (allegations that insurer failed to honestly adjust loss, never intended to pay loss, and was dilatory in processing claim were exclusively actionable under Tennessee bad faith statute).  Accordingly, Plaintiff has improperly asserted these claims under the T.C.P.A.

---

[2] Plaintiff does not assert a claim under Title 50, which governs employer-employee relationships. Tenn. Code Ann. § 50-1-101, *et seq.*

In fact, the pursuit of this claim merits a finding that the filing is "without legal or factual merit." Such finding warrants a Court award of damages to Progressive, including reasonable attorneys' fees and costs, pursuant to Tenn. Code Ann. § 47-18-109(e)(2).

Accordingly, Plaintiff lacks standing to bring this action against Progressive under the T.C.P.A. and its claims should be dismissed. Progressive further asks that it be awarded reasonable attorneys' fees and costs as a result of Plaintiff's meritless allegations.

## B.     Plaintiff's T.C.P.A. Claims Are Barred by Statute of Limitations.

Plaintiff's T.C.P.A. cause of action fails because it did not timely assert its claim. *See* Tenn. Code Ann. § 47-18-110. An action commenced under the T.C.P.A. must "be brought within one (1) year from a person's discovery of the unlawful act or practice, but in no event shall an action under § 47-18-109 be brought more than five (5) years after the date of the consumer transaction giving rise to the claim for relief." *Id.* Under Tennessee law, the T.C.P.A. "statute of limitations begins to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered." *Power & Tel. Supply Co., Inc. v. SunTrust Bank, Inc.*, 447 F.3d 923, 930 (6th Cir. 2006).

The Plaintiff body shop did not become a party to this action until this Complaint was filed on July 27, 2012, as the action in the General Sessions Court was brought on behalf of Ms. Crockett only. Progressive evaluated the damages to Ms. Crockett's vehicle on June 15, 2011, and it was brought to Plaintiff's shop "shortly thereafter." (Comp. ¶¶ 12-13.) Because Plaintiff fails to identify the date on which it became aware of Progressive's improper actions, the alleged injury occurred on July 15, 2011, when Progressive allegedly undervalued the damages. Plaintiff did not bring suit on behalf of itself until July 27, 2012, more than one year after the injury. Furthermore, Plaintiff fails to plead when it became aware of Progressive's actions concerning

8

other customers.  As such, Plaintiff has not demonstrated as a matter of law that its claims under the T.C.P.A. are timely, and thus they should be dismissed.

**C.    Even If These Claims are Actionable Under the T.C.P.A., Enforcement of This Provision is Vested Exclusively in the Office of the Attorney General.**

As noted by Plaintiff, (Compl. n.2,) "enforcement of [T.C.A. § 47-18-104(b)(27)] is vested exclusively in the office of the attorney general and reporter and the director of the division." This amendment to the T.C.P.A took effect on October 11, 2011, and applies "to all liability actions for injuries, deaths and losses covered by this act which accrue on or after [October 11, 2011]." 2011 Tenn. Pub. Acts Ch. 510.  Plaintiff asserts that this amendment is not retroactive, and thus has no bearing on its cause of action.  (*See* Compl. n.2) (citing *Asemota v. Suntrust Mortg., Inc.*, No. 11-2816-STA-dkv, 2012 U.S. Dist. LEXIS 83744, at \*35-36 (W.D. Tenn. June 18, 2012) ("this amendment took effect on October 1, 2011, and the Public Act did not indicate that it should be applied retroactively . . . [t]herefore, the Court finds the controlling version of the TCPA [sic] to be the version in effect when Plaintiff filed suit in September of 2011"). Notably, Plaintiff did not assert claims under the T.C.P.A. prior to filing its Complaint on July 27, 2012, nearly one year after the T.C.P.A. was amended to preclude private causes of action such as this one.  Under Tennessee law, a cause of action under the T.C.P.A. "accrues … when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered." *Power & Tel. Supply Co., Inc*, 447 F.3d at 930 (internal citation omitted).  The unfair or deceptive acts or practices cited by Plaintiff include discouraging individuals from using its shop, "steering" customers from its shop, and refusing to pay for necessary repairs.  However, Plaintiff fails to identify when these alleged injuries occurred or were discovered, and thus when the cause of action accrued.  As such, Plaintiff has failed to establish that it can bring this private cause of action as a matter of law.

9

In an attempt to salvage its claims, Plaintiff argues that "[t]o the extent that Section 104(b)(27) were to be found inapplicable to this case, other provisions of the TCPA [sic] may still apply, including the prohibition on 'disparaging the goods, services or business of another by false or misleading representations of fact' contained in Section 104(b)(8)," but couches this representation by explaining that "discovery will be necessary to uncover the scope of the Defendant's campaign against the Plaintiff's shop." (*See* Compl. n.2.) As discussed below, such speculative allegations and attempts to use discovery to formulate a colorable action have been rejected by this Court. *See Pers. Computer Sys., Inc.*, 2012 WL 1108245, at *3. Accordingly, Plaintiff has failed to plead that it has standing as a matter of law to bring this action.

**D.     Even If a Private Cause of Action Were Available to Plaintiff, It Has Failed to Adequately Plead its T.C.P.A. Claims Under the Federal Rules of Civil Procedure.**

A plaintiff attempting to assert a claim under the T.C.P.A. must adequately plead that: (1) a defendant engaged in an unfair or deceptive act or practice declared unlawful by the T.C.P.A.; and (2) the defendant's conduct caused an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity or thing of value wherever situated. *See Ray v. Sadler Homes, Inc.*, No. M2011-01605-COA-R3-CV, 2012 WL 2150752, at * 5 (Tenn. Ct. App. June 13, 2012) (citing *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2003)). An act or practice is unfair if it is "likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." *Tucker*, 180 S.W.3d at 116-17. A deceptive act is one that "causes or tends to cause a consumer to believe what is false or that misleads or tends to mislead a consumer as to a matter of fact." *D'Alessandro v. Lake Developers, II, LLC*, No. E2011-01487-COA-R3-CV, 2012 WL 1900543, at *9 (Tenn. Ct. App. May 25, 2012).

Assuming that the T.C.P.A. provides a private cause of action against insurers for unfair or deceptive acts, which Defendant does not think it does, Plaintiff has failed to adequately plead a cause of action under the statute. Causes of action brought under the T.C.P.A. are subject to the heightened pleading standard found in Federal Rule of Civil Procedure 9(b). *Asemota*, 2012 U.S. Dist. LEXIS 83744, at *24. In the Sixth Circuit, Rule 9(b) "[a]t a minimum . . . requires that the plaintiff specify the 'who, what, when, where, and how'" of its allegations. *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (internal citation omitted). This serves "to alert the defendants to the precise misconduct with which they are charged and [to] protect[ ] defendants against spurious charges of immoral and fraudulent behavior." *Id.* (internal quotations omitted).

Here, Plaintiff fails to adequately plead the existence of unfair or deceptive acts. Plaintiff alleges that Progressive used subtle or direct pressure to "steer" its insureds away from its repair shop, but fails to identify a single customer who has been pressured or steered by Progressive. (*See* Compl. ¶ 31(a).) In fact, the only customer referenced in Plaintiff's Complaint is Ms. Crockett, which did not succumb to this "pressure," as Ms. Crockett's vehicle was brought to Plaintiff's shop. To overcome this lack of factual support, Plaintiff instead avers to be aware of this conduct "upon information and belief." (*See, generally,* Compl.) However, pleadings based only upon "information and belief," and lacking factual support, are too "vague and cursory [to] rise to the heightened level of the requisite specificity under Rule 9(b)." *Sanderson*, 447 F.3d at 876, 878.

In a final effort to salvage its pleadings, Plaintiff intones that discovery will "reveal the scope of the Defendant's misconduct," and may reveal additional violations of the T.C.P.A. (Compl. ¶¶ 29, 32, 33.) In addition to pleading a claim under the catch-all provision of the

11

T.C.P.A., Plaintiff claims that "numerous other provisions of the TCPA [sic] are implicated by the Defendant's conduct in this matter, and Plaintiff anticipates that discovery will confirm that the Defendant has violated other provisions of the T.C.P.A., including T.C.A. § 47-18-104(b)(2), (3), (5), (7), (8), (9), (11), (12), (15)." (*Id.* ¶ 32.) However, no factual support for these allegations is offered. Courts in this District have rejected such attempts at manufacturing claims through discovery because "[a]fter *Iqbal*, the plaintiff may no longer seek discovery to add additional facts to its complaint . . . the combined effect of *Twombly* and *Iqbal* require plaintiffs to have greater knowledge of factual details in order to draft a 'plausible' complaint." *Pers. Computer Sys., Inc.*, 2012 WL 1108245, at *3. Accordingly, Plaintiff has failed to adequately plead a violation of the T.C.P.A. and this cause of action should be dismissed.

The claims brought under the T.C.P.A. should be dismissed because: (1) this cause of action is not available to Plaintiff under the T.C.P.A.; (2) Plaintiff's claims are barred by the statute of limitations; (3) the attorney general's office has the exclusive authority to enforce T.C.A. § 47-18-104(b)(27); and (4) Plaintiff fails to state a claim for relief under the T.C.P.A.

## III. PLAINTIFF'S CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS SHOULD BE DISMISSED.

In order to sustain a cause of action for tortious interference with business relationships, a plaintiff must demonstrate: (1) that it had an existing business relationship with specific third parties or a prospective business relationship with an identifiable class of persons; (2) Defendant's knowledge of that relationship and not a mere awareness of Plaintiff's business dealings with others in general; (3) Defendant's intent to cause the breach or termination of the business relationship; (4) Defendant's improper motive or improper means; and (5) damage resulting from the tortious interference. *See Freeman Mgmt. Corp. v. Shurgard Storage Ctrs., LLC*, 461 F. Supp. 2d 629, 640 (M.D. Tenn. 2006) (dismissing inadequately pled cause of action

12

for tortious interference with business relationships). In addition, a defendant's predominate motive must be to injure the plaintiff. *Id.* Allegations of tortious interference are subject to the heightened pleading standard of Rule 9(b). *See Pers. Comp. Sys., Inc.*, 2012 WL 1108245, at *4 ("because elements of fraud constitute the basis for tortious interference with a business relationship . . . the allegations in the complaint must comply with the particularity requirements of Fed. R. Civ. P. 9(b)"). Plaintiff's Complaint should be dismissed because it fails to adequately plead: (1) the existence of any business relationships that Progressive has interfered with; (2) that Progressive interfered with these relationships with the motivation to injure the Plaintiff; or (3) that Plaintiff has been damaged in any way.

## A. Plaintiff Has Not Identified Any Existing or Prospective Business Relationships that Progressive Tortiously Interfered With.

Plaintiff specifically identifies only one customer, Ms. Crockett, and one business relationship, arising out of Ms. Crockett's accident, throughout the entirety of its Complaint. To assert that Progressive interfered with this existing contract is disingenuous and without merit; at no point does Plaintiff claim that Ms. Crockett terminated her relationship with Plaintiff. As such, the cause of action asserting that this existing business relationship was interfered with by Progressive should be dismissed.

Plaintiff's allegations that Progressive has interfered with prospective business relationships are equally without merit. This Court has held that a Plaintiff bringing this tort must "specifically allege . . . that [a party] has . . . a prospective relationship with an identifiable class of third persons." *PHG Techs., LLC v. St. John Cos., Inc.*, 459 F. Supp. 2d 640, 645 (M.D. Tenn. 2006) (counterclaims insufficiently pled where defendant asserted "[t]hese actions have caused and are causing damage and irreparable injury to [Defendant] in the form of lost sales and lost customers"). Again, Plaintiff relies on the vague assertion that "upon information and

13

belief," Progressive has actively conspired to terminate these supposed contracts in an ongoing attempt to drive Plaintiff out of business. (*See* Compl. ¶¶ 38, 39.) Such vague, speculative, and unfounded accusations are insufficient to state a cause of action and amount to nothing more than "spurious charges of immoral and fraudulent behavior." *Sanderson*, 447 F.3d at 877.

**B.      Plaintiff Has Failed to Adequately Plead that Progressive's Predominate Motivation Was to Injure the Plaintiff.**

Plaintiff accuses Progressive of "discouraging its insured [sic] from having their cars repaired at the Plaintiff's shop because the thorough and professional work performed by the Plaintiff may result in costs that are higher than the Defendant wishes to pay." (Compl. ¶ 38.) While Progressive strongly contests this allegation, assuming it were true, such an attempt by Progressive to lower the amount paid on automobile claims would be "motivated purely by its own business interests, in the pursuit of which it caused incidental harm to Plaintiff[ ]." *See Freeman Mgmt. Corp.*, 461 F. Supp. 2d at 641. Such singular motivations cannot support a cause of action for tortious interference. *See id.* Plaintiff attempts to hide the inadequacy of its pleadings by speculating that Progressive is engaged in a purposeful campaign to drive Plaintiff out of business. These spurious and inflammatory accusations are supported by nothing more than conjecture and Plaintiff fails to plead any factual allegations that would allow the Court to reasonably infer that Progressive is liable for such misconduct. Accordingly, as a matter of law, this cause of action should be dismissed. *See Iqbal*, 556 U.S. at 678.

**C.      Plaintiff Has Not Pled the Existence of Any Non-Speculative Damages it Has Incurred as a Result of Progressive's Conduct.**

Finally, in order to prevail on this claim, Plaintiff must demonstrate it suffered damages as a result of any alleged tortious interference. Purely speculative evidence is insufficient to carry this burden. *See Tennessee Walking Horse Breeders' and Exhibitors' Ass'n. v. National*

14

*Walking Horse Ass'n.*, 528 F. Supp. 2d 772, 785, nn. 3 & 8 (M.D. Tenn. 2007) (proof of declining revenue without demonstrating causation is "speculative at best"). Here, Plaintiff offers *no* evidence of damages. Plaintiff ventures a guess that insureds will be less likely to patronage its shop, but fails to identify a single customer who has made this decision. (*See* Compl. ¶ 40.) Plaintiff cannot point to any non-speculative damages in support of its tortious interference claim. *See Tennessee Walking Horse Breeders' and Exhibitors' Ass'n.*, 528 F. Supp. 2d at 785 (dismissal appropriate, in part, because "Plaintiff has not presented any non-speculative evidence that it suffered damages from any alleged tortious interference in this case").

Plaintiff has failed to adequately plead that Progressive has interfered with any of its business relationships with the predominate motive of harming Plaintiff, or that Plaintiff has been damaged by Progressive's action. Accordingly, its cause of action for tortious interference with business relationships should be dismissed.

<h2 style="text-align:center">CONCLUSION</h2>

For the foregoing reasons, Progressive respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice together with such other and further relief as this Court deems just, proper and equitable.

Respectfully submitted,

**FEENEY & MURRAY, P.C.**

By: **/s/ John Thomas Feeney**
**John Thomas Feeney**
BPRN 11482
Attorneys for Defendants
P.O. Box 198685
Nashville, Tennessee 37219
(615) 242-3700

15