# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PRICE'S COLLISION CENTER, LLC, In its own capacity and as Agent for Anne Crockett, and Nicole Crosby | ) ) ) ) |
| Plaintiff, | ) Civil Action Nos. |
| | ) 3:12-cv-873 (Anne Crockett) |
| v. | ) Consolidated with 3:12-cv-874 (Nicole Crosby) |
| | ) |
| PROGRESSIVE HAWAII INSURANCE COMPANY, | ) ) ) JURY DEMAND |
| | ) |
| Defendant. | ) JUDGE SHARP/GRIFFIN |

## INITIAL CASE MANAGEMENT ORDER # 1

**A. JURISDICTION:** This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**B. BRIEF THEORIES OF THE PARTIES:**

1) **PLAINTIFF:** These are two closely related cases now pending in the Middle District of Tennessee, following removal by the Defendant. In each case, Plaintiff, a car repair facility ("body shop" or "repair shop"), represents its own interests and the rights of a customer of the shop. In each case, a customer of Plaintiff brought a damaged vehicle, insured by Defendant, to Plaintiff's shop for repairs. Defendant, following the accident that caused the damage, had inspected the vehicle and provided its insured with an initial estimate of the costs to repair. In each case, following an inspection, Plaintiff determined that the costs of repairs would be considerably higher (at least several hundred dollars) more than Defendant has estimated, and, in each case, Defendant refused to pay, despite its contractual obligation to pay for the costs to repair the vehicle.

1

Defendant's conduct is part of a pattern and practice that it employs to "steer" customers away from Plaintiff's shop, although the underlying agreements between Defendant and its insured allow the insured to take the damaged vehicle to the shop of her choice. Discovery will be necessary to reveal the full scope of the misconduct, but Plaintiff believes that the evidence will ultimately show that Defendant uses a myriad of unfair and deceptive tactics to steer customers away from the Plaintiff's shop, including misrepresentations about the quality of the Plaintiff's workmanship. Plaintiff has asserted claims for breach of contract, tortious interference with business relationships, and violations of the Tennessee Consumer Protection Act.

2) **DEFENDANT:** Defendant is a corporation authorized to provide automobile insurance in the State of Tennessee. In each of the instances cited by Plaintiff, Defendant wrote an estimate for repairs sufficient to return the motor vehicles to their pre-loss condition in fulfillment of Defendant's contractual obligations. The additional repairs and payments sought by Plaintiff were not necessary to restore the vehicles to their pre-loss condition. Furthermore, Defendant did not "steer" any customers from the Plaintiff's repair shop.

Defendant is not liable for breach of contract. Defendant paid the prevailing competitive amount for the repairs necessary to bring the vehicles back to pre-loss condition, as

required under the applicable policy provisions. Plaintiff further asserts violations of provisions that do not exist in the insurance policies at issue.

Defendant has not violated the Tennessee Consumer Protection Act because it has not engaged in any conduct, deceptive or otherwise, designed to prevent customers from having repairs completed by the Plaintiff. The Defendant does not require that its insureds have repairs completed at a specified auto repair shop. If an insured chooses to have repairs completed by the Plaintiff, as Anne Crockett and Nicole Crosby did, the Defendant respects their choice and will pay for all repairs necessary to restore the vehicle to its pre-loss condition. Further, Plaintiff's causes of action under the Tennessee Consumer Protection Act are barred by T.C.A. § 56-8-113 and are not brought in good faith.

Defendant is not liable for tortious interference. Plaintiff's claims are premised on vague and conclusory assertions with no factual support. The only customers identified by Plaintiff are Anne Crockett, and Nicole Crosby, all of whom had repairs completed by the Plaintiff. Accordingly, any assertion that these relationships were interfered with is without merit. No other customers or business relationships are identified by Plaintiff because Defendant has not improperly interfered with any of Plaintiff's existing or prospective business relationships.

    **C.**     **ISSUES RESOLVED:**     Jurisdiction and venue. The parties agree that the three cases should be consolidated in the interests of judicial economy.

    **D.**     **ISSUES STILL IN DISPUTE:**     Liability, damages and standing. Defendant has filed a Rule 12(b)(6) motion in each case.

    **E.**     **INITIAL DISCLOSURES:**     The parties shall make their Rule 26(a)(1) disclosures within 30 days from the date of the initial case management conference.

F. **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before June 25, 2013. Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Any discovery motions shall be filed by July 1, 2013.

G. **MOTIONS TO AMEND:** The parties shall file all Motions to Amend the Pleadings or Join Parties on or before April 15, 2013.

H. **DISCLOSURE OF EXPERTS:** The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before April 1, 2013. The Defendant shall identify and disclose all expert witnesses and reports on or before May 1, 2013. Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before May 15, 2013.

I. **DEPOSITION OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before June 25, 2013.

J. **JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before May 31, 2013.

K. **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before August 1, 2013. Responses to dispositive motions shall be filed within twenty-one days after filing the motion. Briefs shall not exceed twenty pages. Optional replies may be filed within fourteen days after the filing of the response and shall not exceed five pages.

L. **ELECTRONIC DISCOVERY:** The parties will reach agreement on how to conduct electronic discovery, but there have been no discussions yet. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M. **TRIAL DATE AND ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately five days. The trial date for this jury trial is February 11, 2104.

It is so ORDERED

_____
Juliet Griffin
U.S. District Court Magistrate Judge

**APPROVED FOR ENTRY:**

**NEAL & HARWELL, PLC**

By: /s/ Andrew A. Warth
William T. Ramsey, No. 9245
Robert A. Peal, No. 25629
Andrew A. Warth, No. 27606
150 Fourth Avenue North, Suite 2000
Nashville, Tennessee 37219
Phone: (615) 244-1713
Fax: (615) 726-0573

*Attorneys for Plaintiffs*

**FEENEY&MURRAY, P.C.**

By: /s/ John Thomas Feeney
John Thomas Feeney, No. 11482
424 Church Street, Suite 2230
Nashville, Tennessee 37219
Phone: (615) 242-3700

*Attorneys for Defendant*