UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PRICE'S COLLISION CENTER, LLC,  )
In its own capacity and as Agent for  )
Anne Crockett,  )
 )
      Plaintiff,  )
 )
v.  )   No. 3:12-00873
 )   Judge Sharp
PROGRESSIVE HAWAII INSURANCE  )
CORPORATION,  )
 )
      Defendant.  )

**************************************************************************

PRICE'S COLLISION CENTER, LLC,  )
In its own capacity and as Agent for  )
Nicole Crosby,  )
 )
      Plaintiff,  )
 )
v.  )   No. 3:12-00874
 )   Judge Sharp
PROGRESSIVE HAWAII INSURANCE  )
CORPORATION,  )
 )
      Defendant.  )

## MEMORANDUM

In these consolidated cases, Defendant Progressive Hawaii Insurance Corporation has filed Motions to Dismiss the Complaints brought by Plaintiff Price's Collision Center LLC, in its own capacity and on behalf of insureds covered by policies issued by Progressive. Those Motions have been fully briefed by the parties and, for the reasons that follow, will be granted in part and denied in part.

1

## I. BACKGROUND

This litigation arises from two automobile accidents that occurred in June 2011 in which the vehicles driven by Progressive insureds were damaged. Those insured later became customers of Price's Collision body shop.

In both cases,[1] the vehicles were inspected by a Progressive representative after the accident who provided an initial estimate for repairs. The owners of the vehicles subsequently took their vehicles to Price's Collision for repairs which determined that the costs of the repairs would significantly exceed the estimate provided by Progressive. Nevertheless, Progressive allegedly refused repeated requests to pay for the full costs of the repairs, leaving the insured ultimately responsible for payment of the difference.

Subsequently, the insureds allegedly assigned their payment disputes with Progressive to Price's Collision which, in turn, brought cases in the General Sessions Court for Williamson County. After judgment was entered against Price's Collision in both cases, it appealed the judgment by filing Complaints in the Williamson County Circuit Court. Those Complaints were then removed by Progressive to this Court.

## II. LEGAL DISCUSSION

The Complaints assert three causes of action against Progressive: breach of contract, violation of the Tennessee Consumer Protection Act ("TCPA"), and tortious interference with a business relationship. Progressive seeks dismissal of all three counts in each Complaint.

---

[1] A third case presenting the same factual pattern (Price's Collision Ctr. LLC v. Progressive Hawaii Ins. Corp., Case No. 3:12-00875) was voluntarily dismissed.

2

A.  **Breach of Contract Claims**

The parties agree that, in order to state a breach of contract claim, Plaintiff must allege (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach, and (3) damages caused by the breach. See, Arc LifeMed Inc. v. AMC-Tennessee, Inc., 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). While the Complaints allege that both insureds had a contract with Progressive providing that it would pay the reasonable and necessary costs for vehicle repair at a repair shop of the insured's choosing, that Progressive breached these contracts by not paying the reasonable and necessary costs to repair each damaged vehicle, and that this resulted in damages, Progressive moves to dismiss the contract claims for lack of "standing" because "Plaintiff generally must be a party to the contract at issue." (Case No. 3:12-00873, Docket No. 11 at 4).

"[C]ontractual rights can be assigned." Petry v. Cosmopolitan Spa Int'l, Inc., 641 S.W.2d 202, 203 (Tenn. Ct. App. 1982). And, "it is fairly well-settled that, in Tennessee, an insured may assign an insurance policy after a loss has occurred, despite an anti-assignment clause purportedly prohibiting assignments without the consent of the insurer." Manley v. Auto. Ins. Co. of Hartford, 169 S.W.3d 207, 214 (Tenn. Ct. App. 2005).[2]

In the Complaints, Price's Collision specifically alleges that both insured, on a specified date, assigned her rights in the matter to Progressive. Contrary to Progressive's argument, this is more than a "bare legal conclusion"; it is a factual allegation as to what the insureds and Price's Collision did, and, as such, must accepted as true for present purposes. See, Rondigo, LLC v. Twp. of Richmond, 641 F.3d 673, 680 (6th Cir. 2011) ("Under Rule 12(b)(6), the complaint is viewed in the

---

[2] Because, however, the subrogee "'stands in the shoes' of the assignor [it] receives nothing more than what the assignor held." Id.

3

light most favorable to plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of plaintiffs.")

Moreover, "[i]n determining the sufficiency of the complaint," the Court may review "the pleadings, exhibits attached to or addressed in the complaint, documents included with a motion to dismiss if referenced in the complaint, and public records." Vandenheede v. Vecchio, 2013 WL 5433467 at *2 (6th Cir. 2013) (collecting cases). Attached to the state court records (and presumably filed with the Complaint in each case) is a copy of a Subrogation Agreement which states that each insured was granting and conveying to Price's Collision all "right title and interest to pursue claims against Progressive Insurance Company under our Automobile Insurance Policy for failure to pay the required amounts under [the] policy," and that Price's Collision Center had the right to institute and bring litigation on the insureds' behalf and to collect any and all amounts due under the policy. (Case No. 3:12-00873, Docket No. 1-2 at 3; Case No. 3:12-00874, Docket No. 1-1 at 13).

Price's Collision has adequately pled its breach of contract claims, and those claims will not be dismissed.

**B. TCPA Claims**

Price's Collision alleges that Progressive has engaged in unfair and deceptive acts under the TCPA by steering business away from its shop, discrediting its shop, and refusing to pay for legitimate and necessary repairs it performed. Progressive moves to dismiss these claims for a number of reasons, including that (1) there is no cause of action against an insurer for unfair or deceptive actions under the TCPA, (2) the TCPA claims are barred by the applicable statute of limitations; (3) enforcement is vested in the Office of the Attorney General, and (4) the TCPA

4

claims have not been sufficiently pled. Because the Court agrees with the first point, it need not address Progressive's remaining arguments.

Progressive's assertion that there is no cause of action against an insurer for unfair or deceptive acts is based upon an amendment to the TCPA that became effective on April 29, 2011, and applies to any cause of action accruing on or after that date. Specifically, the amendment reads:

> Notwithstanding any other law, title 50 and this title shall provide the sole and exclusive statutory remedies and sanctions applicable to an insurer, person, or entity licensed, permitted, or authorized to do business under this title for alleged breach of, or for alleged unfair or deceptive acts or practices in connection with, a contract of insurance as such term is defined in § 56–7–101(a). Nothing in this section shall be construed to eliminate or otherwise affect any:
>
> > (1) Remedy, cause of action, right to relief or sanction available under common law;
> >
> > (2) Right to declaratory, injunctive or equitable relief, whether provided under title 29 or the Tennessee Rules of Civil Procedure; or
> >
> > (3) Statutory remedy, cause of action, right to relief or sanction referenced in title 50 or this title.

Tenn. Code Ann. § 56–8–113.

In response, Price's Collision argues:

> . . . Defendant has cited no case law to support the proposition that Section 113 of the Act now bars all TCPA claims against an insurance company; furthermore, as Defendant likewise recognizes, there is abundant Tennessee case law holding that TCPA claims may be asserted against insurance companies. E.g., Myint v. Allstate Ins. Co., 970 S.W.2d 920, 925 (Tenn. 1998) ("We find nothing in either the Insurance Trade Practices Act or the bad faith statute which limits an insured's remedies to those provided therein."); see also, Newman v. Allstate Ins. Co., 42 S.W.3d 920, 924 (Tenn. Ct. App. 2000) ("The Tennessee Consumer Protection Act is applicable to the acts and practices of insurance companies."); NSA DBA Benefit Plan, Inc. v. Connecticut Gen. Life Ins. Co., 968 S.W.2d 791, 797 (Tenn. Ct. App. 1997) ("The insurance industry is not exempt from the TCPA.") Plaintiff has not located a single case overruling Myint and its ilk or, again, any caselaw suggesting that no TCPA claim can ever be asserted against an insurance company because of Section 113. Defendant likewise cites none.

5

(Case No. 3:12-00873, Docket No. 12 at 7-8).

The cases upon which Price's Collision relies were all decided long before the amendment to the TCPA, and, after the briefing was concluded in this case, at least two federal district courts, including this one, have read Tenn. Code Ann. § 56-8-113 to bar unfair and deceptive practice acts claims brought under the TCPA against an insurer.

In <u>Montesi v. Nationwide Mut. Ins. Co.</u>, 2013 WL 4522905 at *3 (W.D. Tenn. Aug. 26, 2013), the court held that "[t]his amendment [§ 56-8-113] effectively eliminates the TCPA as a viable cause of action for disputes arising from the insurer-insured relationship because the TCPA is not contained in Title 50 or Title 56." Previously, this Court reached the same conclusion in <u>Westfield, Ins. Co. v. RLP Partners, LLC</u>, 2013 WL 23283608 at *3 (M.D. Tenn. May 30, 2013), and specifically noted that cases like <u>Myint</u> have been superceded by Tenn. Code Ann. § 56-8-113. The claims under the TCPA will, therefore, be dismissed.

## C. **Tortious Interference Claims**

In <u>Trau-Med of Am., Inc. v. Allstate Ins. Co.</u>, 71 S.W.3d 691, 907 (Tenn. 2002), the Tennessee Supreme Court "adopted the tort of intentional interference with business relationships." In doing so, the court held that "liability should be imposed on the interfering party provided that the plaintiff can demonstrate the following: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's improper motive or improper means; . . . and finally, (5) damages resulting from the tortious interference." <u>Id</u>. (citation and footnotes omitted).

6

Progressive moves to dismiss the interference claims in this case because Price's Collision allegedly fails to adequately plead the existence of a business relationship. It also argues that Price's Collision fails to plead that the alleged interference was done with the motive to injury it, or that Price's Collision has been damaged in any way.

As a preliminary matter, Progressive asserts that the tortious interference claims are subject to the heightened pleading standards of Fed. R. Civ. P. 9(b). It cites for that proposition Personal Computer Sys., Inc. v. Central Knox, Inc., 2012 WL 1108245 at *3 (E.D. Tenn. March 30, 2012), wherein the court stated that "[i]n addition to Fed. R. Civ. P. 8 requirements, because elements of fraud constitute the basis for tortious interference with a business relationship . . . , the allegations in the complaint must comply with the particularity requirements of Fed. R. Civ. P. 9(b)."

This may be, as Price's Collision claims, an "outlier" holding, and Progressive cites no other authority for its position that the heightened pleading standard applies. Other federal courts in Tennessee have analyzed tortious interference claims under the Rule 8 pleading requirements, including Judge Wiseman in Freeman Mgmt. Corp. v. Shurgard Storage Ctrs, LLC, 461 F. Supp.2d 629, 642 (M.D. Tenn. 2006). See, Curry v. D.J. Transp., Inc., 2010 WL 3084297 at *6 (E.D. Tenn. Aug. 6, 2010) (utilizing Rule 8's pleading standard to determine whether plaintiff adequately plead a tortious interference claim); Ellipsis v. Colorworks, Inc., 329 F. Supp.2d 962, 969 (W.D. Tenn. 2004) (finding that plaintiff adequately pled the "improper motive" and "existing business relationship" elements of its tortious interference claim for purposes of the "short and plain statement" requirement of Fed. R. Civ. P. 8(a)(2)).[3] In the absence of any controlling authority to

---

[3] Pleading requirements are procedural and hence governed by federal law. See, Ridgway v. Ford Dealer Computer Serv., Inc., 114 F.3d 94, 98 n.5 (6th Cir. 1997). It is notable, however, that while the Tennessee Supreme Court in Trau-Med discussed the newly adopted doctrine at length, it did not suggest that a heightened pleading requirement applied. Instead, the court viewed the factual allegations in a light most

7

the contrary, this Court will do the same.

Substantively, Progressive argues that Price's Collision has identified only three customers in the Complaints, customers who all had their vehicles repaired at Price's Collision, making it "disingenuous to claim that Progressive interfered with these business relationships." (Case No. 3:12-00874, Docket No. 17 at 6). Even so, Price's Collision's allegations are not limited to the identified insureds, but include potential customers, and the cause of action encompasses interference with prospective business relationships.

Further, while Progressive argues that only "vague assertions" based "upon information and belief" support the allegation that Progressive conspired to limit those who go to Price's Collision, "the Twombly [4] plausibility standard, which applies to all civil actions, does not prevent a plaintiff from 'pleading facts alleged 'upon information and belief' " where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible[.]" Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2nd Cir. 2010).

Here, Price's Collision alleges that Progressive steered clients away from its shop by actively discouraging its insureds from having repairs done at Price's Collision, by publicly and privately discrediting Price's Collision, and/or by refusing to pay the full amount for required and proper repairs. Whether Price's Collision can prove these contentions remains to be seen, but, for now, the Court accepts the allegations as true and finds them sufficient to state the element that Progressive interfered with a present or prospective business relationship.

---

favorable to plaintiff and found that plaintiff had sufficiently stated a claim under Tennessee's version of Rule 12(b)(b).

[4] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

8

Case 3:12-cv-00873 Document 31 Filed 10/28/13 Page 8 of 10 PageID #: 418

Those same allegations are also sufficient to overcome Progressive's second substantive argument, to wit, that Price's Collision has not adequately pled that Progressive has improperly interfered with its business relationships. In this regard, Progressive argues that Price's Collision fails to allege that Progressive's primary motivation was to injury Price's Collision. However, to meet the fourth element of an intentional interference claim, a plaintiff need only allege a "defendant's improper motive *or* improper means," Trau-Med, 71 S.W.3d at 701, and while "improper means" is "dependent on the facts and circumstances of a given case," it encompasses such things as "misrepresentation or deceit," "undue influence," "and those methods that violate an established standard of a trade or profession, or otherwise involve unethical conduct, such as sharp dealing, overreaching, or unfair competition[.]" Id. at 761 n.5 (citation omitted). Price's Collision has made allegations that suggest such untoward conduct by Progressive, but, again, whether it can be proven remains to be seen.

Finally, Progressive argues that, "in order to prevail on this claim, Plaintiff must demonstrate it suffered damages as a result of an alleged tortious interference," but "plaintiff offers *no* evidence of damages" and "cannot point to any non-speculative damages in support of its tortious interference claim." (Case No. 3:12-00873, Docket No. 11 at 14-15, emphasis in original). In support, Progressive relies exclusively on Tennessee Walking Hose Breeders' Assn. v. Nat'l Walking Horse Assoc., 528 F. Supp.2d 772 (M.D. Tenn. 2007).

It is true that, in order to prevail, Price's Collision must prove non-speculative damages, but the time for that proof and evidence is not yet here. While the court in Walking Horse found that "Plaintiff has not presented any non-speculative evidence that it suffered damages from any alleged tortious interference in this case," id. at 785, that finding was made after a bench trial on the merits.

9

The tortious interference claims will not be dismissed.

### III.  CONCLUSION

Based upon the foregoing, the Motions to Dismiss will be granted with respect to Price's Collision's claims under the TCPA, but will be denied with respect to its breach of contract and tortious interference claims.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE