UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| PRICE'S COLLISION CENTER, LLC, | ) | |
| In its own capacity and as Agent for | ) | Case No. 3:12-cv-00873 |
| Anne Crockett, | ) | |
| Plaintiff, | ) | |
| v. | ) | **JURY DEMAND** |
| | ) | |
| PROGRESSIVE HAWAII INSURANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

*******************************************************************************

| | | |
|---|---|---|
| PRICE'S COLLISION CENTER, LLC, | ) | |
| In its own capacity and as Agent for | ) | Case No. 3:12-cv-00874 |
| Nicole Crosby, | ) | |
| Plaintiff, | ) | |
| v. | ) | **JURY DEMAND** |
| | ) | |
| PROGRESSIVE HAWAII INSURANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT PROGRESSIVE HAWAII INSURANCE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Progressive Hawaii Insurance Corporation (hereinafter, "Progressive" or "Defendant"), by its attorneys, hereby responds to Plaintiff's Complaint as follows:

### I. NATURE OF THIS ACTION

**1. This is an action against Defendant Progressive Hawaii Insurance Corporation for breach of contract, violations of the Tennessee Consumer Protection Act, and tortious interference with existing and prospective business relationships.**

Response: No response is required to paragraph 1 of the Complaint to the extent that it states Plaintiff's contentions and conclusions of law. In response to the allegations contained in paragraph 1 of the Complaint concerning violations of the Tennessee Consumer Protection

Act, this cause of action was dismissed by way of Decision and Order dated October 28, 2013. *See* Order (Oct. 28, 2013) ECF No. 29 and 30. Progressive denies all other allegations in paragraph 1 of the Complaint.

## II.  PARTIES, JURISDICTION, AND VENUE

**2.	Plaintiff Price's Collision Center, LLC, is a Tennessee LLC with its principal place of business at 1676 Mallory Lane, Brentwood, Williamson County, Tennessee.**

Response:	Progressive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

**3.	Nicole Crosby is a resident of Franklin, Tennessee.  Ms. Crosby assigned her rights in this litigation to Price's Collision Center, LLC on July 26, 2011.**

Response:	Progressive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

**4.	Defendant Progressive Hawaii Insurance Corp. ("Progressive") is an Ohio corporation doing business in Tennessee under the umbrella of the familiar "Progressive" brand of insurance companies.**

Response:	In response to the allegations contained in paragraph 4 of the Complaint, it is admitted that Progressive Hawaii Insurance Corp., is an Ohio Corporation properly authorized to do business in the state of Tennessee.

**5.	This Court has subject matter jurisdiction over this case pursuant to Tenn. Code Ann. § 16-10-101.**

Response:	To the extent paragraph 5 states Plaintiff's contentions and conclusions of law, no response is required.  To the extent that a response is required, Progressive denies all the allegations contained in paragraph 5 of the Complaint, except states that there is no dispute that this Court has subject matter jurisdiction based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**6.	Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101.**

Response: To the extent paragraph 6 states Plaintiff's contentions and conclusions of law, no response is required. To the extent that a response is required, Progressive denies all the allegations contained in paragraph 6 of the Complaint, except states that there is no dispute as to whether the proper venue for this action is the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

**7. On June 13, 2011, Nicole Crosby was involved in a car accident that resulted in damages to her vehicle, a 2010 Honda Civic LX.**

Response: Progressive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

**8. Ms. Crosby had a binding and valid collision insurance agreement with the Defendant.**

Response: Progressive denies all the allegations contained in paragraph 8 of the Complaint, except it is admitted that Defendant and Nicole Crosby were parties to a contract of insurance.

**9. Pursuant to their agreement, the Defendant was obligated to pay the costs of repairing Ms. Crosby's vehicle to its pre-accident (or "pre-loss") condition.**

Response: In response to the allegations contained in paragraph 9 of the Complaint, the terms of the contract of insurance speak for themselves and, to the extent the allegations in paragraph 9 of the Complaint are inconsistent with the terms of the contract of insurance, they are denied.

**10. The insurance agreement between the Defendant and Ms. Crosby further allowed Ms. Crosby to choose the repair shop at which she would have her vehicle restored to pre-loss condition.**

Response: Progressive denies all the allegations contained in paragraph 10 of the Complaint, except it is admitted that Defendant and Ms. Crosby were parties to a contract of insurance. The terms of the contract of insurance speak for themselves and, to the extent the allegations in paragraph 10 of the Complaint are inconsistent with the terms of the contract of insurance, they are denied.

**11. Ms. Crosby chose to have her vehicle repaired at Price's Collision Center (the Plaintiff's repair shop) in Brentwood, Tennessee.**

Response: Progressive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

**12. On July 6, 2011, an agent of the Defendant evaluated the damage to Ms. Crosby's vehicle, prepared an initial, preliminary estimate and sent that estimate to the Plaintiff. This initial, preliminary report estimated that the total repair cost would be $5,447.78.**

Response: Progressive denies all the allegations contained in paragraph 12 of the Complaint, except it is admitted that a representative of Progressive prepared an estimate for the costs of repairing Ms. Crosby's vehicle.

**13. Shortly thereafter, Ms. Crosby delivered her vehicle to the Plaintiff for repair. During the repair process, the Plaintiff's employees identified additional repairs not noted by the Defendant's initial, preliminary report that were necessary to restore Ms. Crosby's vehicle to pre-loss condition.**

Response: Progressive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

**14. After discovering these necessary repairs, the Plaintiff, through employee Rick Flores, sent a request to approve supplemental repairs to the Defendant, and the Plaintiff completed these additional necessary repairs.**

Response: Progressive denies all the allegations contained in paragraph 14 of the Complaint, except that Progressive lacks knowledge or information sufficient to form a belief as to whether Plaintiff completed additional repairs to Ms. Crosby's vehicle.

**15.** Despite repeated requests, the Defendant has refused to pay for these additional repairs, valued at $927.04.

Response: Progressive denies all the allegations contained in paragraph 15 of the Complaint.

**16.** Upon information and belief, the Defendant's refusal to pay for the supplemental repairs is part of a broader campaign waged against the Plaintiff's business. The Defendant recognizes that the Plaintiff's repair shop performs a thorough, quality job that guarantees that the vehicle is actually restored to pre-loss condition, and, as a result, the Plaintiff's shop may charge more than other repair shops.

Response: Progressive denies all the allegations contained in paragraph 16 of the Complaint.

**17.** Upon information and belief, in an effort to damage the Plaintiff's business and ultimately drive the Plaintiff from the marketplace, the Defendant "steers" customers away from the Plaintiff's shop either by actively discouraging its customers from having repairs done at the Plaintiff's shop and/or by discouraging customers from returning to the Plaintiff's shop by refusing to pay for the total amount of the repair and leaving the customer ultimately responsible for the balance of the cost of the repair.

Response: Progressive denies all the allegations contained in paragraph 17 of the Complaint.

**18.** On July 26, 2011, Ms. Crosby assigned her rights against the Defendant in this matter to the Plaintiff.

Response: Progressive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

**19.** On August 15, 2011, the Plaintiff instituted this action in General Sessions Court.

Response: Progressive denies all the allegations contained in paragraph 19 of the Complaint, except that Progressive admits that Plaintiff initially instituted this action in Williamson County General Sessions Court.

**20.** After judgment was entered against the Plaintiff in General Sessions Court, the Plaintiff appealed this matter on November 14, 2011.

Response: Progressive denies all the allegations contained in paragraph 20 of the Complaint, except admits that after judgment was entered against the Plaintiff in the Williamson County General Sessions Court, Plaintiff appealed.

## CLAIMS AGAINST PROGRESSIVE

## BREACH OF CONTRACT (COUNT I)

**21. Plaintiff incorporates the allegations in paragraphs 1-20 above as if fully restated.**

Response: Progressive repeats and realleges its responses to paragraphs 1 through 20 of the Complaint as if fully set forth herein.

**22. Between the Defendant and Ms. Crosby there was a binding agreement for insurance coverage providing that, in exchange for insurance premium payments, the Defendant would, among other things, pay for all reasonable repairs to Ms. Crosby's vehicle necessary to restore the vehicle to its "pre-loss" condition following an accident. Ms. Crosby has assigned her rights under that insurance coverage agreement to the Plaintiff.**

Response: Progressive denies all the allegations contained in paragraph 22 of the Complaint, except it is admitted that Defendant and Nicole Crosby were parties to a contract of insurance. The terms of the contract of insurance speak for themselves and, to the extent the allegations in paragraph 22 of the Complaint are inconsistent with the terms of the contract of insurance, they are denied. Progressive lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Ms. Crosby's assignment of rights to Plaintiff.

**23. The supplemental repairs identified by the Plaintiff were reasonable and necessary to restore the vehicle to its pre-loss condition.**

Response: Progressive denies all the allegations contained in paragraph 23 of the Complaint.

**24. Without excuse or justification, the Defendant has refused to pay for the additional repairs, forcing the Plaintiff to institute this litigation to recover the uncompensated amount.**

Response: Progressive denies all the allegations contained in paragraph 24 of the Complaint.

**25. The Defendant has breached its insurance agreement with Ms. Crosby and is liable to the Plaintiff for the damages resulting from that breach.**

Response: Progressive denies all the allegations contained in paragraph 25 of the Complaint.

## VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT (TCPA)
## (COUNT II)

**26. Plaintiff incorporates the allegations in paragraphs 1-25 above as if fully restated.**

Response: Progressive repeats and realleges its responses to paragraphs 1 through 25 of the Complaint as if fully set forth herein.

**27. The Defendant disfavors the Plaintiff because the professional, thorough and exhaustive job that the Plaintiff performs on the vehicles owned by the Defendant's insured sometimes results in more expensive repairs and more costs to the Defendant than if the repairs were performed by another shop.**

Response: By way of Decision and Order dated October 28, 2013, Plaintiff's second cause of action for violation of the Tennessee Consumer Protection Act was dismissed and therefore no response to paragraph 27 of the Complaint is required. *See* Order (Oct. 28, 2013) ECF No. 29 and 30. The allegation of Tennessee Consumer Protection Act violations was found to be without legal merit. As such, Defendant is entitled to its costs and attorneys' fees incurred in defending said claims pursuant to T.C.A. § 47-18-109(e)(2).

**28. The Defendant therefore engages in conduct designed to discourage individuals from choosing the Plaintiff's repair shop, even though the insurance contracts**

**at issue, including the one in place in this matter, entitle the insured to go to the repair shop of the insured's choosing.**

Response: By way of Decision and Order dated October 28, 2013, Plaintiff's second cause of action for violation of the Tennessee Consumer Protection Act was dismissed and therefore no response to paragraph 28 of the Complaint is required. *See* Order (Oct. 28, 2013) ECF No. 29 and 30.

**29. Upon information and belief, in an effort to discourage its insured from using the Plaintiffs repair shop, the Defendant engages in various tactics to achieve that result, including "steering" customers from the Plaintiff's shop, discrediting the Plaintiff's shop, and/or refusing to pay for legitimate and necessary repairs performed by the Plaintiff. Full discovery will be necessary to reveal the scope of the Defendant's misconduct in this matter.**

Response: By way of Decision and Order dated October 28, 2013, Plaintiff's second cause of action for violation of the Tennessee Consumer Protection Act was dismissed and therefore no response to paragraph 29 of the Complaint is required. *See* Order (Oct. 28, 2013) ECF No. 29 and 30.

**30. These practices, which discourage the insured from selecting the repair shop of her choosing and damage the Plaintiff's business and reputation, are unfair and deceptive practices in trade and commerce because they are designed to mislead reasonable customers into thinking, contrary to fact, that the Plaintiff's repair shop overcharges customers and does not provide a good value. These practices also deceive the Defendant's insured, including Ms. Crosby, as to their rights under the relevant insurance agreements. These practices deceive both the Plaintiff and its customers, including Ms. Crosby.**

Response: By way of Decision and Order dated October 28, 2013, Plaintiff's second cause of action for violation of the Tennessee Consumer Protection Act was dismissed and therefore no response to paragraph 30 of the Complaint is required. *See* Order (Oct. 28, 2013) ECF No. 29 and 30.

**31. The Plaintiff's TCPA claim arises under T.C.A. § 47-18-104(b)(27)(2011), which broadly directs that any unfair or "deceptive" act in trade or commerce is actionable under the TCPA. As fully explained herein, the Defendant's conduct, which is directed at**

**driving the Plaintiff from the marketplace and forcing its insured to select less competent car repair facilities, is unfair and deceptive in a myriad of ways, including:**

> **(a) Through subtle or direct pressure, the Defendant actively encourages or "steers" its insured away from the Plaintiff's shop, despite the fact that the insured are entitled under their policies to choose the shop of their choice. Upon information and belief, these pressures include "warning" customers that repairs at the Plaintiff's shop may not be paid for, thereby suggesting that an insured who wishes to go to the Plaintiff's shop should go somewhere else;**
>
> **(b) For those insured not dissuaded by the Defendant's tactics, the Defendant refuses to pay for legitimate, covered repairs simply because they were performed by the Plaintiff's shop; here, for instance, the Defendant has refused to pay for $927.04 in legitimate repairs to Ms. Crosby's vehicle as part of its efforts to drive the Plaintiff from the marketplace and for its insured to select less competent car repair facilities;**
>
> **(c) Upon information and belief, after not paying for a covered repair, the Defendant continues to discredit the Plaintiff's shop by telling the insured that the repair performed was not reasonable and necessary, when, in fact, it was.**

Response: By way of Decision and Order dated October 28, 2013, Plaintiff's second cause of action for violation of the Tennessee Consumer Protection Act was dismissed and therefore no response to paragraph 31 of the Complaint is required. *See* Order (Oct. 28, 2013) ECF No. 29 and 30.

**32. In addition to violating T.C.A. § 47-18-104(b)(27)(2011), numerous other provisions of the TCPA are implicated by the Defendant's conduct in this matter, and Plaintiff anticipates that discovery will confirm that the Defendant has violated other provisions of the T.C.P.A., including T.C.A. § 47-18-104(b)(2), (3), (5), (7), (8), (9), (11), (12), (15).**

Response: By way of Decision and Order dated October 28, 2013, Plaintiff's second cause of action for violation of the Tennessee Consumer Protection Act was dismissed and therefore no response to paragraph 32 of the Complaint is required. *See* Order (Oct. 28, 2013) ECF No. 29 and 30.

**33.** The Plaintiff and Ms. Crosby suffered an ascertainable loss as the result of the Defendant's conduct, as, among other things, the Defendant has failed to pay the full amount owed on the repair bill based on its business practice of actively discouraging customers from going to the Plaintiff's repair shop. Discovery in this matter may reveal additional misconduct and additional losses.

Response: By way of Decision and Order dated October 28, 2013, Plaintiff's second cause of action for violation of the Tennessee Consumer Protection Act was dismissed and therefore no response to paragraph 33 of the Complaint is required. *See* Order (Oct. 28, 2013) ECF No. 29 and 30.

**34.** These violations of the Tennessee Consumer Protection Act entitle Plaintiff to attorney's fees and costs pursuant to T.C.A. § 47-18-109(e)(1). Further, these violations were willful or knowing and thus entitle the Plaintiff to treble damages pursuant to T.C.A § 47-18-l09(a)(3).

Response: By way of Decision and Order dated October 28, 2013, Plaintiff's second cause of action for violation of the Tennessee Consumer Protection Act was dismissed and therefore no response to paragraph 34 of the Complaint is required. *See* Order (Oct. 28, 2013) ECF No. 29 and 30.

**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS (COUNT III)**

**35.** Plaintiff incorporates the allegations in the paragraphs 1-34 above as if fully restated.

Response: Progressive repeats and realleges its responses to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

**36.** The Plaintiff and its customers, including Ms. Crosby, have an existing business relationship and, as future car repairs are concerned, a business relationship that is "prospective" as well.

Response: Progressive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

**37.** The Defendant is acutely aware of these relationships, as, not infrequently, the Defendant's insured seek to become customers of the Plaintiff following a car accident.

<u>Response</u>: Progressive denies all the allegations contained in paragraph 37 of the Complaint.

**38.** Upon information and belief, the Defendant has actively sought to cause the termination of the existing or prospective relationship between the Plaintiff and its customers, including Ms. Crosby, by discouraging its insured from having their cars repaired at the Plaintiff's shop because the thorough and professional work performed by the Plaintiff may result in costs that are higher than the Defendant wishes to pay.

<u>Response</u>: Progressive denies all the allegations contained in paragraph 38 of the Complaint.

**39.** This active discouragement involves assorted improper means and is driven by the improper motive of damaging the Plaintiff's business and driving the Plaintiff from the marketplace. Upon information and belief, these means include "steering" clients away from the Plaintiff's shop, publicly and privately discrediting the Plaintiff's shop, and/or refusing to pay the full amount of the repairs for work done by the Plaintiff's shop, as occurred in this case.

<u>Response</u>: Progressive denies all the allegations contained in paragraph 39 of the Complaint.

**40.** This interference with the Plaintiff's existing and prospective business relationships damages both the Plaintiff and its customers, such as Ms. Crosby. That is, insured individuals will be less likely to visit or return to the Plaintiff's shop because of the hassles and additional costs created by the Defendant's practices, injuring the Plaintiff. The Plaintiff's customers, as in this case, are left personally responsible for a bill that the insurance company was obligated to pay and, upon information and belief, ultimately experience additional car repairs and costs as the result of being "steered" into less quality car repairs services.

<u>Response</u>: Progressive denies all the allegations contained in paragraph 40 of the Complaint.

**41.** The Defendant's conduct in discouraging insured individuals from using the Plaintiff's shop through a variety of improper means (and driven by improper motives) is intentional, fraudulent, reckless, and malicious and entitles the Plaintiff to punitive damages.

Response: Progressive denies all the allegations contained in paragraph 41 of the Complaint.

The remaining allegations of the Complaint are prayers for relief to which no response is necessary except a Progressive denial.

All allegations of the Complaint not hereto admitted, denied, or otherwise explained are specifically denied as though set forth individually and separately denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant specifically denies Plaintiff's capacity to proceed in this matter as the assignee of any rights held by Nicole Crosby and requests specific proof thereof.

### SECOND AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

This action is barred, whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

The conduct of Progressive at issue in the Complaint is permitted under the laws and regulations of the State of Tennessee and elsewhere.

### EIGHTH AFFIRMATIVE DEFENSE

Progressive at all times complied with and fulfilled all of their obligations under any and all insurance laws and regulations.

### NINTH AFFIRMATIVE DEFENSE

Appraisals performed by Progressive's employees for auto body repair claims made by policyholders and claimants were proper pursuant to Tennessee statutes, regulations, and law.

### TENTH AFFIRMATIVE DEFENSE

Progressive did not engage in a deceptive act or practice that is misleading or deceptive in a material respect and Plaintiff's alleged damages did not result from such an act.

### ELEVENTH AFFIRMATIVE DEFENSE

Progressive did not make any false or misleading statements to Plaintiff's customers.

### TWELFTH AFFIRMATIVE DEFENSE

Progressive did not interfere with or cause injury to any business relationships between Plaintiff and any third parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not allege, and cannot evidence, that Progressive's alleged conduct interfered with Plaintiff's business relationships with any specific individual or potential customer.

### FOURTEENTH AFFIRMATIVE DEFENSE

The alleged statements by Defendants are protected by absolute and/or qualified privilege.

### FIFTEENTH AFFIRMATIVE DEFENSE

Progressive has an interest in the subject matter and therefore has the right/duty to engage in communications with Plaintiff's customers.

### SIXTEENTH AFFIRMATIVE DEFENSE

The granting of Plaintiff's relief would result in unjust enrichment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by Plaintiff's failure to mitigate damages, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Progressive did not make false statements of material fact to Plaintiff's customers.

### NINETEENTH AFFIRMATIVE DEFENSE

The action is barred, in whole or in part, by the appraisal provision in Progressive's insurance policies.

### TWENTIETH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the legal doctrine of accord and satisfaction.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This action is barred by the United States Constitution's guarantee of free speech and is an improper restraint of free speech.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This action is barred by the Tennessee State Constitution guarantee of free speech and is an improper restraint of free speech.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Progressive at all times complied with its contractual obligations.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Progressive expressly reserves its right to assert additional defenses as may be warranted by facts obtained during the course of its investigation and/or discovery in this litigation.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Middle District of Tennessee Local Rule 38.01, Defendant Progressive Hawaii Insurance Corporation hereby demands a trial by jury.


Dated: November 12, 2013
      New York, New York

                      Respectfully submitted,

                      **NELSON LEVINE de LUCA & HAMILTON, LLC**

                      /s/ Kymberly Kochis
                      Kymberly Kochis
                      Bar Roll #: koch5530
                      One Battery Park Plaza, 32nd Floor
                      New York, New York 10004
                      (212) 233-0130
                      (212) 233-0172 (facsimile)
                      kkochis@nldhlaw.com

                      - and -

                      John Thomas Feeney
                      **FEENEY & MURRAY, P.C.**
                      BPRN: 11482
                      P.O. Box 198685
                      Nashville, Tennessee 37219
                      (615) 242-3700
                      johntfeeney@feeneymurray.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys listed below, on this 12th day of November, 2013:

Andrew A. Warth
Robert A. Peal
William Taylor Ramsey
Neal & Harwell
150 Fourth Avenue, N
Suite 2000
Nashville, TN 37219

Donald R. Barrett, Jr.
114 E Main Street
Franklin, TN 37064

John Thomas Feeney, III
Feeney & Murray, PLLC
P O Box 198685
Nashville, TN 37219-8685
(615) 242-3700

/s/ Kymberly Kochis