# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **PRICE'S COLLISION CENTERS,** ) <br> **In its own capacity and as Agent for** ) <br> **Anne Crockett and Nicole Crosby,** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> ) <br> **PROGRESSIVE HAWAII INSURANCE** ) <br> **CORPORATION,** ) <br> ) <br>     **Defendant.** ) | **Civil Action Nos.** <br> **3:12-cv-873 (Anne Crockett)** <br> **3:12-cv-874 (Nicole Crosby)** <br><br> **JURY DEMAND** <br><br> **Chief Judge Sharp** <br> **Magistrate Judge Holmes** |

## MEMORANDUM IN SUPPORT OF JOINT MOTION TO CONTINUE TRIAL

Pursuant to Federal Rule 16(b)(4), Plaintiff Price's Collision Center, LLC, and Defendant Progressive Hawaii Insurance Corporation (collectively, "the Parties") jointly move this Court to continue the trial and all associated dates for pre-trial conference and pre-trial exchange of materials. Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Good cause is measured by the movant's "diligence in attempting to meet the case management order's requirements." *Leary v. Daeschner,* 349 F.3d 888, 906-07 (6th Cir. 2003) (citation omitted). The Parties have demonstrated good cause warranting modification of the scheduling order because: they have exchanged a substantial amount of discovery in an attempt to meet the order's deadlines; the delay in completing discovery is a result of lengthy settlement negotiations between the Parties which were intended to resolve the case; and it is unfeasible to complete the remaining discovery needed and brief summary judgment by the current trial date, September 20, 2016.

This is a civil action wherein Plaintiff alleges breach of contract and tortious interference with business expectancy. Over a period of two and a half years, the parties exchanged voluminous discovery and regularly conferred with the Court on discovery disputes. *See, e.g.*, Order regarding Discovery (Dec. 9, 2013), ECF No. 38; Order on Mot. to Compel (June 2, 2014), ECF No. 57; Scheduling Order regarding Discovery (Oct. 17, 2014), ECF No. 71; Scheduling Order regarding Discovery (Feb. 19, 2015), ECF No. 80. During this time, Defendant retained an outside vendor who restored thousands of backup files, which Defendant searched for documents responsive to Plaintiffs demands. *See* Orders, ECF Nos. 73, 76. Defendant also filed a motion seeking transfer of this case to a MDL, *In re: Auto Body Shop Antitrust Litigation*, MDL Docket No. 2557. Inclusion in the MDL would have fundamentally changed the scope of discovery for both Parties. Although the Judicial Panel on Multidistrict Litigation denied Defendant's motion on February 6, 2015, no significant discovery took place during briefing in acknowledgment that such discovery would ultimately prove to be duplicative. *See* Order Denying Transfer (Feb. 6, 2015), ECF No. 79.

In July 2015, the Parties began extensive settlement negotiations. During negotiations, the Parties did not conduct discovery to avoid unnecessary litigation costs. The Parties kept the Court apprised of the status of the case, and filed several joint motions that resulted in extensions of discovery deadlines. *See* Orders Extending Deadlines, ECF Nos. 90, 92, 94, 97. In January 2016, the Parties determined that they were ultimately unable to reach agreement on settlement.

The current deadline to complete fact discovery is February 9, 2016. *See* Second Am. Case Management Order (June 16, 2015), ECF No. 88. During a telephone conference held on January 20, 2016 the Parties notified Magistrate Barbara Holmes that the case is unlikely to settle. She advised the Parties that any request to continue the trial date would require the instant

2

joint motion. Magistrate Holmes then scheduled a court conference for February 15, 2016, to discuss adjusting all remaining discovery and dispositive motion deadlines.

As stated above, the trial in this action is scheduled for September 20, 2016. *See* Second Am. Case Management Order, ECF No. 88. The Parties are requesting several additional months to conduct discovery for two reasons. First, the Parties anticipate conducting extensive discovery, including expert discovery, non-party discovery, and depositions of more than a dozen witnesses. As such, scheduling these depositions will require significant advanced planning. Second, Defendant's counsel, Kymberly Kochis, of Sutherland Asbill & Brennan, recently underwent knee surgery that has rendered her unfit to travel until late February. *See* Kochis Affirm. (Jan. 22, 2016), ¶¶ 4-6. Ms. Kochis has acted as lead counsel in this case, and is therefore expected to take or defend the majority of depositions in this case. *Id*. at ¶¶ 2-3. As a result of the foregoing, despite the diligence of both Parties, it would be incredibly difficult to complete discovery and dispositive motions without an extension of time.

The Parties have demonstrated their attempts to comply with the schedule set forth in the Second Amended Case Management Order through the substantial amount of discovery already completed, as well as their joint motions for extension of discovery deadlines. The Parties made a good faith attempt to complete discovery in the allotted time, as reflected by the exchange of extensive e-discovery and paper discovery, as well as regular telephonic conferences with the Court. Furthermore, in their joint motions seeking extended discovery deadlines, the Parties always requested extensions that reflected discovery and the briefing of dispositive motions would have to be completed well in advance of the September 20, 2016 trial date.

Due to the Parties' inability to settle and the amount of extensive discovery outstanding, the Parties respectfully request that this Court continue the trial until a date in April 2017. This

3

extension would provide the Parties with sufficient time to complete fact and expert discovery, as well as brief any dispositive motions filed.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request this Court continue the trial and all associated dates for pre-trial conference and pre-trial exchange of materials.

**NEAL & HARWELL, PLC**

By: */s/ Robert A. Peal*
   Robert A. Peal, No. 25629
   William T. Ramsey, No. 9245
   150 Fourth Avenue North, Suite 2000
   Nashville, Tennessee 37219
   Phone: (615) 244-1713
   Fax: (615) 726-0573
   Email: rpeal@nealharwell.com
      wramsey@nealharwell.com

   *Attorneys for Plaintiff*

**SUTHERLAND ASBILL & BRENNAN, LLP**

By: */s/ Kymberly Kochis*
   Kymberly Kochis (*pro hac vice*)
   Veronica M. Wayner (*pro hac vice*)
   The Grace Building, 40th Floor
   1114 Avenue of Americas
   New York, NY 10036
   Phone:  (212) 389-5000
   Facsimile:  (212) 389-5099
   kymberly.kochis@sutherland.com
   veronica.wayner@sutherland.com

   **FEENEY & MURRAY, P.C.**
   John Thomas Feeney, No. 11482
   424 Church Street, Suite 2230
   Nashville, Tennessee 37219
   Phone:  (615) 242-3700
   Facsimile:  (615) 242-7111
   johntfeeney@feeneymurray.com

   *Attorneys for Defendant*

4